CASE 41—PETITION ORDINARY—JUNE 28.

# New York Life Insurance Company vs. Graham.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

1. In an action on a life insurance policy, where the defense relied on is false representations of the habits of the insured at its date, and that his death was caused by intemperance, the defendant held the affirmative of that issue.

2. See the opinion for the facts, showing that the verdict should not be set aside on the ground that it was not sustained by the evidence.

T. N. LINDSEY and JNO. RODMAN for appellant.

A. J. JAMES and HARLAN & HARLAN for appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In this suit on a life insurance policy, we perceive no material error in either of the two instructions given by the circuit court to the jury which could be presumed to have been essentially prejudicial to the appellant.

To avoid the policy, either on the ground of false representations of the habits of the insured at its date, or of his death being caused by intemperance in the use of intoxicating liquors, the appellant held the affirmative of that issue.

There was, therefore, no error in the instruction to that effect. And if there was error in instructing the jury, that, to find for the appellant, they must be satisfied that intemperance was the cause of the death, and also satisfied that his habits were intemperate "*before*" the insurance—*which is indefinite as to the duration of time before*—the error was apparently prejudicial to the appellee rather than to the appellant.

Nor can we discover any available error in the question of sufficient notice to the appellant of the death of the insured. The facts, as shown, justified the verdict as to that matter, and the jury were authorized to find that there was no false representation.

Then, whether the jury had a right to find that the evidence was insufficient to prove that the death was the effect of intemperance, is the only question worthy of grave consideration by this court.

Had no chloroform been administered, and he had then died, there could have been scarcely a doubt that *delirium tremens* was the sole cause of the death. But, according to any rational or consistent interpretation of all the testimony, enough of chloroform was given to have produced death without any other co-operating cause. As to the quantity administered, there is such an apparent conflict of testimony as to leave the investigating mind in vexatious doubt. But all the facts, properly analyzed and collated, authorized the jury to believe that the quantity was much larger than the attending physicians supposed. And, in making that deduction, the jury did not discredit either the veracity or intelligence of those professional witnesses, one of whom was most of the time absent, and the other, for some portions of the time, was, from lassitude, dosing and unobservant. But it would have been difficult, without imputing perjury to the non-professional witnesses, not to decide that so much was administered as to have made immediate death inevitable without any other cause.

And although the physicians seemed to think, that, without chloroform, death was imminent, and would probably have ensued, yet the facts, as proved by themselves, and more fully

by other witnesses, authorized the jury seriously to doubt, at least, whether he would not have survived that paroxysm, and to gravely doubt, therefore, whether intemperance was the *proximate* cause of the death.

On such facts, whatever might have been the more probable deduction, any jury might have consistently found for the appellee.

And it does seem to this court that such a verdict, found by a competent jury, and confirmed by an impartial and enlightened judge, *who saw and heard the witnesses*, cannot be now set aside without an unauthorized encroachment on the right of trial by jury. We cannot, therefore, decide that the verdict shall not stand.

Wherefore, the judgment of the circuit court is affirmed.